Al Mohajerian, State Bar No. 182013
Mohajerian Law Corp.
1925 Century Park East, Suite 350
Los Angeles, California 90017
(310) 556-3800
lawyers@mohajerian.com

Attorneys for Plaintiff

Jeffrey F. Craft, State Bar No. 147186
Lee, Hong, Degerman, Kang & Waimey
660 South Figueroa Street, Suite 2300
Los Angeles, California 90017
(213) 623-2221
jcraft@lhlaw.com

Attorneys for Defendants

E-FILED 11/14/08
JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ULTRA 2000 MANUFACTURING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SMART, INC. dba CHEMICAL GUYS MFG. CO. a California corporation, PAUL SCHNEIDER, an individual, and DOES 1 through 10, <br><br> Defendants. | CASE NO. CV08-01049-PSG (PLAx) <br><br> **STIPULATED JUDGMENT** |

## JURISDICTION AND VENUE

1. This court's jurisdiction is predicated on 28 U.S.C. §§1331, 1338 and 28 U.S.C. §1367.

2. Venue in this court is proper pursuant to 28 U.S.C. §1391.

**STIPULATED SETTLEMENT**

3. This Court has personal jurisdiction over the Parties in connection with the allegations set forth in the Complaint.

## BACKGROUND

4. Ultra 2000 Manufacturing International, Inc., is a Nevada corporation, d/b/a/ in Nevada as Kenneth Friedl Ultra 2000 Mfg. Co. ("Ultra") in Nevada with its principal place of business in California. Ultra manufactures and distributes surface polish products for automobiles, aircraft, and watercraft.

5. Smart, Inc., d/b/a/ Chemical Guys Manufacturing Co. is a California corporation having its principal place of business in California ("CGM"). CGM manufactures and distributes auto detailing and car wash products.

6. Paul Schneider, an employee of CGM ("Mr. Schneider"), is an individual residing in Los Angeles County California.

7. Ultra owns trademarks in the wordmarks ULTRA 2000, GLASSPLEXIN, GLARE and SPIDER, and a design mark comprising SPIDER along with a silhouette spider for surface polish for automobiles, aircraft, and watercraft (collectively, the "Ultra Marks.")

8. Ultra further owns registered trademarks in the wordmarks GLASSPLEXIN, U.S. Trademark Reg. No. 2,680,654 and GLARE, U.S. Trademark Reg. No. 2,711,023.

9. CGM, its directors, officers, agents, servants, employees, including Mr. Schneider, and any other persons controlled by CGM acknowledge and admit that Ultra is the undisputed owner of Ultra Marks as described above and represent, warrant and promise that they shall not for commercial or personal purposes, use, copy, imitate, publish, sell or distribute any products of the Ultra Marks or similar marks, including GLASSSYN. However, CGM may use the word "ultra" as an adjective in connection with describing any of its products.

10. Each Party shall bear its own respective attorneys fees and costs of suit incurred in this litigation.

11. The Parties agree that all claims are dismissed with prejudice and this Order shall act as a full and final resolution of any and all claims, actions, causes of action, based on any statute or provision of common law, whether legal or equitable, and all liability arising out of, or in any way related to the Parties commercial activities. The Parties acknowledge they may hereafter discover facts in addition to or different from those whey they now know or believe to be true, and that they may have sustained or may yet sustain damages, costs or expenses that are presently unknown and that relate to the matters encompassed by their settlement and this Order. The Parties have acknowledged, however, that they have negotiated, agreed upon, and entered into their settlement in light of such possibilities and it is the intention of the Parties that this Order shall be effective as a bar to any and all actions, fees, damages, losses, claims, liabilities

-3-

**STIPULATED SETTLEMENT**

and demands of whatever character, nature and kind, known or unknown, suspected or unsuspected. In furtherance of this intention, the Parties have waived any and all rights which they may have under state or federal statute or common law principle that would otherwise limit the effect of this Order to claims known or suspected at the date on which the Parties hereto execute their settlement, and the Parties specifically and knowingly waive the effect and protections of Section 1542 of The California Civil Code, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.**

Order Presented by:

_____
Al Mohajerian
Mohajerian Law Corp,
Attorneys for Plaintiff

_____
Jeffrey F. Craft
Lee, Hong Degerman, Kang & Waimey
Attorneys for Defendants

## ORDER ENFORCING STIPULATED SETTLEMENT

Notice having been given, the Court having considered the Stipulation of the interested parties, and it appearing to the Court that there is good cause to approve the Stipulated Settlement,

-4-

## IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.  This United States District Court for the Central District of California shall enforce the terms of this settlement as memorialized by this Stipulated Judgment.

2.  Dismissal of this lawsuit with prejudice is conditioned upon the Parties' full compliance with the terms of this Stipulated Judgment.

**This Order shall so operate.**

DATED: November 14, 2008        PHILIP S. GUTIERREZ

                                                Hon. Phillip S. Gutierrez
                                                United States District Court Judge

# PROOF OF SERVICE

**STATE OF CALIFORNIA, CITY AND COUNTY OF LOS ANGELES**

I am employed in the city and county of LOS ANGELES, State of California. I am over the age of 18 and not a party to the within action; my business address is: *1925 Century Park East, Suite 500, Los Angeles, CA 90067.*

On November 13, 2008, I served the foregoing document described **STIPULATED JUDGMENT** in this action;

\_\_ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
\_\_ by placing \_\_ the original _X_ a true copy thereof enclosed in sealed envelopes addressed as follows:

>   Jeffrey F. Craft, Esq.
>   LEE, HONG, DEGERMAN, KANG & WAIMEY
>   660 South Figueroa St.
>   Suite 2300
>   Los Angeles, CA 90017
>
>   Paul D. Chancellor, Esq.
>   OCEAN LAW
>   3463 Red Bluff Court
>   Simi Valley, CA 93063
>
>   Attorneys for Defendants SMART, INC. and
>   PAUL SCHNEIDER

_X_ **BY MAIL** I caused said envelope to be deposited in the U.S. Mail, as follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day, with postage thereon fully prepaid, at Los Angeles, California, in the ordinary course of business. I am aware that, on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in this affidavit.

\_\_ **BY FACSIMILE** I served the forgoing document on the named party by facsimile transmission pursuant to Rules 2001 et sq at the party's facsimile number shown hereinabove. A transmission report was properly issued by the sending facsimile machine (which complied with Rule 2003(3), and the transmission reported as complete without error.

\_\_ **BY FEDERAL EXPRESS** I deposited in a box or other facility regularly maintained by Federal Express, an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, (copy of the attached document), together with a signed copy of this declaration, in an envelope designated by the said express service carrier, with deliver fees paid or provided for, addressed as listed above.

Executed on November 13, 2008, at Los Angeles, California.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

(Signature): *[signature]*

Print Name: MICHAEL T. SMITH

---
**PROOF OF SERVICE**